UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| YUE ZHOU, et al.,<br><br>        Plaintiffs,<br><br>   v.<br><br>WANG'S RESTAURANT,<br><br>        Defendant. | Case No.: C 05-0279 PVT<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL; AND ORDER SANCTIONING DEFENDANT FOR FAILING TO RESPOND TO DISCOVERY** |

Pursuant to this court's order granting Plaintiffs' motion to shorten time for hearing this motion to compel ("Order Shortening Time"), on November 10, 2005, Plaintiffs filed a Motion to Compel Defendant's Responses to Plaintiffs' Discovery Requests.[1] Pursuant to the Order Shortening Time, Defendant's opposition was due November 15, 2005. Defendant filed no opposition to the motion to compel. On November 18, 2005, this court issued an Order Tentatively Granting Plaintiffs' Motion to Compel; and Order to Defendant to Show Cause Why Defendant Should Not Be Sanctioned for Failing to Respond to Discovery (the "Tentative Order and Order to Show Cause"). On November 21, 2005, Defendant filed a declaration in response to the Order to Show Cause. Based on the file herein,

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

1    IT IS HEREBY ORDERED that Plaintiffs' motion to compel is GRANTED.  No later than
2 November 29, 2005, Defendant shall serve answers to the interrogatories and shall produce all
3 non-privileged documents that are responsive to the discovery requests.
4    Defendant filed an opposition to the Tentative Order and Order to Show Cause in which he
5 claims not to have timely received some of the documents that were electronically filed in this
6 matter.  The court will treat Defendant's opposition as timely based on that representation.
7 However, the court expects Defense counsel to take immediate steps to remedy any problems he is
8 experiencing receiving notices from the court's Electronic Filing System ("ECF") and/or retrieving
9 the noticed filings using PACER.  Electronic filing of a document on the court's ECF system is
10 sufficient to constitute service on all counsel registered for ECF.  (*See,* GENERAL ORDER 45,
11 Section IX, a copy of which is available on the court's website (http://www.cand.uscourts.gov).)
12 The court will not allow Defense counsel to artificially impose a hard-copy service requirement on
13 Plaintiffs' counsel simply by claiming he failed to receive some of the ECF notices.[2]
14    Defendant's opposition fails to establish any valid reason for Defendant's failure to
15 respond to Plaintiffs' discovery requests.  The court does not find the technical defects with
16 Plaintiffs' motion papers sufficient to warrant denial of an otherwise meritorious motion.  The
17 only substantial defect was a failure to attach copies of the discovery requests, which defect
18 Plaintiffs promptly cured in response to the court's Tentative Order and Order to Show Cause.
19 Further, any failure of Plaintiffs to adequately respond to Defendant's discovery requests does not
20 relieve Defendant of its obligation to respond to discovery.  If Plaintiffs failed to provide adequate

---

[2] The court's Electronic Filing System reflects that Plaintiffs' motion to shorten time, the Order to Shorten Time, and the Tentative Order and Order to Show Cause were *all* served on Defense counsel via the court's ECF system.  The court expects Defense counsel, who is duly registered as an ECF filer, to maintain the ability to receive all ECF notices from the court, and when he receives notice of a filing to retrieve his copy of it using PACER.  Federal Rules of Civil Procedure 5(b)(3) regarding "service by electronic means" is inapplicable to service "through the court's transmission facilities."  All counsel registered for ECF are expected to take the necessary steps to ensure they properly receive notices from ECF.  If it comes to registered counsel's attention that he did not receive notice of a filing, it is incumbent on him to determine why he is not receiving the transmissions. (It is evident from Defense counsel's declaration that he was actually aware of the Order Shortening Time no later than November 14, 2005, yet inexplicably made no effort to find out from the court how to get his copy from ECF.  Trouble-shooting information is available from the Frequently Asked Questions ("FAQ") portion of the court's ECF webpage (https://ecf.cand.uscourts.gov/cand/index.html), or from the ECF help desk at (866) 638-7829.

1 responses to discovery requests despite meet and confer efforts, Defendant's remedy is a motion to
2 compel.  (Defendant's purported request to compel discovery responses, included in its response to
3 the order to show cause, is not properly before the court at this time.  If Defendant wishes to move
4 to compel it must comply with the applicable rules for noticing motions, and, if appropriate,
5 shortening time for any such motion.  *See*, CIVIL L.R. 6 & 7.)

   IT IS FURTHER ORDERED that Defendants and/or Defense counsel shall reimburse
Plaintiffs for the reasonable fees incurred in bringing this motion to compel.  *See* FED.R.CIV.PRO.
37(d).  No later than December 6, 2005, Plaintiffs shall submit a declaration from counsel itemizing
the fees incurred in bringing this motion.  No later than December 13, 2005, Defendant may file any
objections it has to the amounts claimed by Plaintiffs.

   As noted above, any failure of Plaintiffs to adequately respond to discovery did not relieve
Defendant of its duty to respond to discovery.  Thus, Defendant has not shown any substantial
justification its utter failure to respond to the discovery requests, and the court is not aware of any
other circumstances that would make an award of fees unjust.  An award of fees is thus mandated.
*See* FED.R.CIV.PRO. 37(d) ("the court *shall* require the party failing to act or the attorney advising
that party or both to pay the reasonable expenses, including attorneys fees, caused by the failure,
unless the court finds that the failure was substantially justified or that other circumstances make an
award of expenses unjust" (emphasis added)).

   IT IS FURTHER ORDERED that the court will send a copy of this order to Defense counsel
on this one occasion to ensure he receives it.  However, as discussed above, in the future the court
expects Defense counsel to take all necessary steps to ensure he is properly set up to receive all
notices from the court's ECF system.  Until Defense counsel verifies that he is receiving ECF notices
reliably, he should check the docket regularly.

Dated: *11/22/05*

*Patricia V. Trumbull*
PATRICIA V. TRUMBULL
United States Magistrate Judge

ORDER, *page 3*