UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| YUE ZHOU, et al., <br><br>　　　　Plaintiffs, <br><br>　v. <br><br>WANG'S RESTAURANT, <br><br>　　　　Defendant. | Case No.: C 05-0279 PVT <br><br> **ORDER GRANTING ATTORNEY ADAM WANG'S MOTION TO INTERVENE; CONTINUING HEARINGS ON MOTION TO DETERMINE FAIRNESS AND MOTION FOR ATTORNEY FEES AND COSTS; AND DESIGNATING CASE E-FILING CASE** |

On October 10, 2006 the parties and attorney Adam Wang appeared for hearings on: 1) attorney Adam Wang's motion to intervene; 2) the motion for determination of fairness of settlements; and 3) attorney Adam Wang's motion for award of attorney fees and costs.[1]  Based on the briefs, testimony and arguments submitted, and the file herein,

IT IS HEREBY ORDERED that attorney Adam Wang's motion to intervene is GRANTED.

Permissive intervention is within the court's discretion under Federal Rules of Civil Procedure 24(b).[2]  Rule 24(b) provides, in relevant part: "Upon timely application anyone may be permitted to intervene in an action . . . when an applicant's claim or defense and the main action have a question of law or fact in common."  In exercising its discretion the court must consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

---

[1]　The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

[2]　All further references herein to "Rules" are to the Federal Rules of Civil Procedure, unless expressly stated otherwise.

ORDER, *page 1*

*See* FED.R.CIV.PRO. 24(b). In the present case, attorney Wang's claim for fees and Plaintiffs' claims for overtime have questions of law and fact in common because both arise out of Plaintiffs' asserted rights to overtime pay under the FLSA. Allowing intervention here will not unduly delay or prejudice the adjudication of the rights of the original parties. The motion for attorney fees and costs can be addressed expeditiously.

Defendant argues that Adam Wang did not comply with the prerequisites of Rule 24 because he purportedly did not timely file his application and did not accompany it with a separate pleading setting forth his claim. The court disagrees. Timeliness of the motion applies not to whether the application met the notice requirements of this court's Local Rule 7-2, but rather whether the application was timely in the context of the litigation. Mr. Wang filed his motion to intervene less than 3 weeks after this court issued its order deeming Plaintiffs' attempted dismissals to be motions to determine the fairness of the settlement of claims under the Fair Labor Standard Act ("FLSA") 29 U.S.C. § 201 *et seq*. The court finds the motion was timely.

The separate "pleading" requirement is met by the motion for attorney fees and costs filed by Mr. Wang. Rule 8(a) provides that:

> "A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded."

Mr. Wang's motion meets all of those requirements. No statement of the court's jurisdiction is required because the court already has jurisdiction under 28 U.S.C. 1331 (federal question jurisdiction) and the FLSA. The motion states the basis on which Mr. Wang claims entitlement to relief, to wit the mandatory attorneys fees provision of the FLSA. *See Maddrix v. Dize*, 153 F.2d 274, 276 (4th Cir. 1946) (noting that FLSA endows a plaintiff's attorney with a direct interest in the claim for attorneys fees). And the motion requests an award of attorneys fees and costs, which is essentially a demand for judgment for the relief he seeks. *See* FED.R.CIV.PRO. 54 (providing that the term judgment includes "any order from which an appeal lies").

The court also finds unpersuasive Defendant's argument that attorney Wang is somehow

estopped from litigating his right to fees in federal court, or that he agreed to limit any fee dispute *with Defendant* to arbitration pursuant to his fee agreement with his client. Defendant is not a party to Mr. Wang's fee agreements with his clients; those agreements apply only to fee disputes between Mr. Wang and his clients. And estoppel would require a showing of detrimental reliance by Defendant on the fee agreement. *See, e.g., Toscano v. Greene Music*, 124 Cal.App.4th 685, 692 (2004). No such showing has been made, and Defendant cites no legal authority for applying estoppel concepts to a fee dispute between a plaintiff's attorney and a defendant under the FLSA.

IT IS FURTHER ORDERED that, due to Kurt Miller's scheduling conflict,[3] the hearing on the motion to determine the fairness of the settlement with Plaintiff Zhou is CONTINUED to 9:00 a.m. on October 27, 2006 and, if additional time is necessary, 9:00 a.m. on October 31, 2006. (The court concurrently herewith issues an order regarding Mr. Kuo's "Notice of Dismissal.")

IT IS FURTHER ORDERED that the motion for attorneys fees is continued to 10:00 a.m. on December 12, 2006. If the parties wish, the court will refer Defendant and intervener Wang to a settlement conference with regard to the attorneys fees issue. It appears that at least a partial award of *reasonable* attorneys fees will be warranted for work done while attorney Wang was retained by Plaintiff Zhou. Assuming this court approves the settlement, and issues a judgment of dismissal thereon under Rule 41(a)(2),[4] an award of attorneys fees will be mandatory under the FLSA. However, in determining the amount of the award, the court may take into account the fact that the parties settled, and that there appears to have been a triable issue of fact as to whether or not Plaintiff Zhou was "exempt." *See, Saizen v. Delta Concrete Prods. Co.*, 448 F.3d 795, 801-02 (5th Cir. 2006) (court may reduce award where disputed FLSA claim is settled); *see also e.g., McCullough v. Aramark Educational Services, Inc.*, 2004 WL 813005 (M.D.N.C. 2004) (whether sous chef was exempt under FLSA was triable issue of fact).

---

[3] This scheduling conflict should have been brought to the court's attention *before* the hearing.

[4] Dismissal by stipulation pursuant to Rule 41(a)(1) is not available to the parties in this case. Rule 41(a)(1) expressly states that it is subject to, among other things, "any statute of the United States." FLSA claims cannot be waived without court approval. *See Barrentine v. Ark.-Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981). The order approving the settlement will be an appealable order, and thus will be a "judgment." *See* FED.R.CIV.PRO. 54(a).

ORDER, *page 3*

IT IS FURTHER ORDERED that Defendant's belated request for discovery regarding the attorneys fees issue is DENIED. Any such request should have been filed before the original date set by this court for hearing the motion for attorneys fees. Moreover, the question of how much of a fee is *reasonable* in this matter is not entirely dependent on the number of hours actually spent, but will include evaluation of the hours reasonably necessary for the work.

IT IS FURTHER ORDERED that, because Plaintiff Kuo is now represented by counsel (Kurt Miller), this case shall be designated an electronic filing case.

Dated: *10/11/06*

PATRICIA V. TRUMBULL
United States Magistrate Judge