UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| YUE ZHOU, et al., <br><br> Plaintiffs, <br><br> v. <br><br> WANG'S RESTAURANT, <br><br> Defendant. | Case No.: C 05-0279 PVT <br><br> **INTERIM ORDER RE PLAINTIFF KUO'S "NOTICE OF DISMISSAL"** |

On October 10, 2006 the parties and attorney Adam Wang appeared for hearing on, among other things, a motion deemed to be one for determination of the fairness of any settlement that had occurred between Plaintiff Kuo and Defendant.[1] Based on the briefs, testimony and arguments submitted, and the file herein,

IT IS HEREBY ORDERED that no later than October 25, 2006, the parties shall file supplemental briefs regarding the procedure to be followed regarding Plaintiff Kuo's "Notice of Dismissal" filed herein on February 17, 2006. Before the October 10, 2006 hearing, it was not clear whether Plaintiff Kuo settled with Defendant or was simply requesting dismissal without a settlement. At the hearing, Mr. Kuo essentially testified that he had not settled with Defendant.

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

ORDER, *page 1*

Thus, there is no settlement for which to approve fairness as to Mr. Kuo.

Under Rule 41(a)(1) of the Federal Rules of Civil Procedure, a plaintiff may not unilaterally dismiss a case once a defendant files an answer. Here, Defendant filed its answer long before Plaintiff Kuo filed his "Notice of Dismissal." Thus, Plaintiff Kuo's purported dismissal of his claims was of no effect.

The court has not found any case law regarding the procedure to follow when a FLSA Plaintiff with what appears to be a non-waivable valid claim for overtime[2] seeks to dismiss his case without payment where his attorney has already performed substantial work on the case and thus arguably is entitled to an award of fees. *See Maddrix v. Dize*, 153 F.2d 274, 276 (4th Cir. 1946) (noting that FLSA endows a plaintiff's attorney with a direct interest in the claim for attorneys fees). The court is authorized to enter a judgment of dismissal of Plaintiff Kuo's claims under Rule 41(a)(2), along with whatever terms and conditions may be proper in that event, including potentially a partial award of attorneys fees.[3] *See, Saizen v. Delta Concrete Prods. Co.*, 448 F.3d 795, 801-02 (5th Cir. 2006) (court may reduce award where disputed FLSA claim is settled). Alternatively, the court could issue an order to show cause why summary judgment should not be entered in favor of Plaintiff Kuo based on the number of hours Kuo worked as set forth in the papers filed by attorney Adam Wang. *See Celotex v. Catrett,* 477 U.S. 317, 326 (1986) (noting that courts may enter summary judgment *sua sponte* so long as the losing party was on notice that it had to come forward

---

[2] An employee may not waive his rights under the FLSA without prior DOL or court approval. *See Barrentine v. Ark.-Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981). From the evidence submitted so far, it appears Plaintiff Kuo has a valid claim for overtime. It appears Plaintiff Kuo, as a waiter, was a non-exempt employee who routinely worked overtime. It also appears that Defendant consistently paid Plaintiff Kuo the same dollar amount--a fixed salary--for pay periods made up of differing numbers of work hours. (Not only are there different numbers of days in different months, because overtime is only due for the hours worked in a week that exceed 40 hours, the number of overtime hours varies greatly for different half-month pay periods.) Such payments are inherently irreconcilable with the requirements of the FLSA. Even under the "fluctuating work week" rules, the amount of twice-monthly pay would differ because only *per week* base pay is allowed to be consistent, and the employer must still pay for each hour of overtime in an amount equal to ½ of the worker's usual hourly pay. *See, e.g., Hunter v. Sprint Corporation*, — F.Supp.2d —, 2006 WL 2709615 (D.D.C. Sept. 22, 2006). It was Defendant's obligation as an employer to comply with the FLSA's overtime requirements, regardless of Plaintiff Kuo's wishes regarding his pay. *See, e.g., Lindow v. United States*, 738 F.2d 1057, 1060-61 (9th Cir. 1984) (noting that an employer must pay proper overtime compensation when it "suffers" or "permits" an employee to work in excess of 40 hours).

[3] The court is inclined to strike the portion of the "Notice of Dismissal" that states "Each side bear their own attorney fees and costs." Plaintiff Kuo testified he never read this document.

Order, *page 2*

with all of its evidence). The court invites the parties to brief the question of which procedure should be followed.

This order is without prejudice to Plaintiff Kuo withdrawing his request for dismissal in the event he wishes to proceed with his claims.[4]

Dated: *10/11/06*

PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[4] It is not at all clear to the court that Plaintiff Kuo understood that: 1) by dismissing his overtime claim he would also be relieving the Defendant of its statutory *obligation* to pay reasonable attorneys fees to attorney Wang for the work he did while employed by Plaintiff, if it is determined that Plaintiff's overtime claim has merit; and 2) that having retained attorney Wang to sue Defendant he might still be liable for the reasonable attorneys fees incurred even if the written fee agreement is not enforceable. *See, Spires v. American Bus Lines*, 158 Cal App.3d 211, 216 (1984). Although Plaintiff Kuo testified it was his own idea to dismiss the case, given his demeanor at the hearing the court continues to have a serious concern that someone is pressuring him to relinquish his claim.

ORDER, *page 3*