UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| YUE ZHOU, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>WANG'S RESTAURANT,<br><br>　　　　　Defendant.<br>_____ | Case No.: C 05-0279 PVT<br><br>**ORDER DIRECTING DEFENDANT TO COMPLY WITH FEDERAL RULES OF CIVIL PROCEDURE 8 AND 11** |

　　　　It has come to the court's attention that Defendant failed to comply with Federal Rules of Civil Procedure 8(b) when it filed its answer. Therefore, based on the file herein,

　　　　IT IS HEREBY ORDERED that no later than December 6, 2006, Defendant shall file an amended answer that complies with Rules 8(b) and 11. Failure to file a proper answer will result in an order to show cause why the answer should not be stricken.

　　　　Rule 8(b) of the Federal Rules of Civil Procedure requires defendants to admit or deny specifically a complaint's allegations to "apprise the opponent of the allegations in the complaint that stand admitted and will not be in issue at trial and those that are contested and will require proof to be established to enable plaintiff to prevail." 5 C. Wright & A. Miller, Federal Practice and Procedure § 1261. A defendant may only use a general denial when it intends to controvert *all* of the complaint's averments, including averments as to the court's jurisdiction. *See* FED.R.CIV.PRO. 8(b).

1  Rule 8 expressly reminds litigants that such a general denial is subject to the obligations set forth in
2  Rule 11. *Ibid.*
3      In the present case, no competent attorney could reasonably deny that this court has
4  jurisdiction over this case. Defendant's assertion of 29 affirmative defenses, most of which are
5  patently frivolous, was also insupportable under the facts of this case that any attorney would have
6  learned after reasonable inquiry of his client. Thus, Defendant's answer violated Rule 11, and is
7  subject to being stricken by the court. *See, e.g., Pentalpha Macau Commercial Offshore, Ltd. v.*
8  *Reddy*, 2005 WL 2562624 (N.D.Cal. Oct 12, 2005); *see also, Gilbert v. Johnston*, 127 F.R.D. 145,
9  146 (N.D.Ill. 1989).
10     Rather than impose sanctions at this time, however, the court will allow Defendant an
11 opportunity to cure its error by filing an amended answer *nunc pro tunc* that complies with Rules 8
12 and 11.
13 Dated: *11/17/06*

                                                       */s/ Patricia V. Trumbull*
                                                       PATRICIA V. TRUMBULL
                                                       United States Magistrate Judge