UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| YUE ZHOU, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>WANG'S RESTAURANT,<br><br>        Defendant.<br>_____ | Case No.: C 05-0279 PVT<br><br>**INTERIM ORDER RE ORDER TO SHOW CAUSE WHY SUMMARY JUDGMENT SHOULD NOT BE ENTERED IN FAVOR OF PLAINTIFF KUO** |

On November 17, 2006 this court issued an "Order to Show Cause Why Summary Judgment Should Not Be Entered in Favor of Plaintiff Kuo," setting a hearing date of December 12, 2006 and a deadline of December 6, 2006 for Defendant to file a brief and supporting affidavits showing cause why summary judgment should not be entered in favor of Plaintiff Kuo for unpaid overtime and liquidated damages in the total amount of $1,051.50. The court expressly notified Defendant that "this is Defendant's opportunity to come forward with all evidence it believes relevant to defeating Plaintiff Kuo's claims." On December 6, 2006 Defendant filed a "Declaration of Attorney Eric F. Hartman in Opposition to Order to Show Cause Why Summary Judgment Should Not be Entered in Favor of Plaintiff Kuo." Based on the affidavit filed by Defendant and the file herein,

IT IS HEREBY ORDERED that the hearing on the Order to Show Cause Why Summary Judgment Should Not Be Entered in Favor of Plaintiff Kuo, is continued to 10:00 a.m. on January 9,

2007. No later than January 2, 2007, Defendant shall file a brief and supporting affidavits showing cause why summary judgment should not be entered in favor of Plaintiff Kuo for unpaid overtime and liquidated damages in the total amount of $1,051.50. Defendant's failure to submit any competent evidence with its December 6, 2007 would be sufficient cause for entry of summary judgment in favor of Kuo. However, in order to further the policy that cases be resolved on the merits rather than technicalities, the court will give Defendant one more opportunity to present any competent affidavit(s) it believes demonstrate a genuine issue of material fact regarding: 1) the hours Kuo worked; 2) the nature of his work duties; 3) the amounts paid to him for each pay period; and/or 4) the existence of any reasonable grounds for Defendant to have believed that its conduct complied with the Fair Labor Standards Act.[1] However, this is the *last* opportunity the court will give Defendant to come forward with such evidence. *See Celotex v. Catrett,* 477 U.S. 317, 326 (1986) (noting that courts may enter summary judgment *sua sponte* so long as the losing party was on notice that it had to come forward with all of its evidence)."

Defendant complains that the court previously ordered an evidentiary hearing with oral testimony. However, that order related only to the fairness of settlement hearing. And the only reason the court ordered oral testimony for that hearing was because it had concerns regarding the conduct towards the Plaintiffs by attorneys Hartman and Wang. The court was not inclined to subject the Plaintiffs to be deposed by those attorneys without court supervision.

Once it was established at the fairness hearing that no settlement had occurred between Plaintiff Kuo and Defendant, the fairness hearing was moot as to him. Moreover, the *only* purpose of the evidentiary hearing was to determine whether there was any factual basis for finding there was a *bona fide* dispute between the parties as to the number of hours worked by the Plaintiffs, the nature of their work duties, or the amount they had actually been paid, so as to warrant a finding that the settlements were fair. The evidentiary hearing was never intended to be a means for determining the precise amount, if anything, each Plaintiff was owed. The court heard enough testimony to determine that Plaintiff Kuo had *not* settled his claims against Defendant, and that

---

[1] *See* 29 U.S.C. § 260; *see also Local 246 Utility Workers Union of America v. Southern California Edison*, 83 F.3d 292, 298 (9th Cir. 1996).

1  Plaintiff Zhou and Defendant did have a *bona fide* dispute with regard to the nature of his primary
2  job duties.  No further oral testimony was thus warranted.
3       After soliciting input from the parties, and based on the evidence already in the record, the
4  court determined that an order to show cause why summary judgment should not be entered in
5  favor of Plaintiff Kuo appears to be the procedure most likely to expeditiously resolve his claims.
6  Courts rarely take oral testimony in deciding motions for summary judgment. *See Thompson v.*
7  *Mahre*, 110 F.3d 716, 720 (9th Cir. 1997).  The court is not inclined to make an exception in this
8  case.  The court will base its determination on the evidence in the record, including whatever
9  competent affidavits Defendant submits.
10      IT IS FURTHER ORDERED that Intervener Adam Wang's motion for attorneys fees is
11  continued to January 16, 2007 to allow the court resolve the substantive motions before addressing
12  the attorneys fees issue.
13  Dated: *12/7/06*

                                      PATRICIA V. TRUMBULL
                                      United States Magistrate Judge

**United States District Court**
For the Northern District of California

ORDER, *page 3*