**United States District Court**

For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| YUE ZHOU, et al., ) <br> ) <br>          Plaintiffs, ) <br> ) <br>    v. ) <br> ) <br> WANG'S RESTAURANT, ) <br> ) <br>          Defendant. ) <br> _____ ) | Case No.: C 05-0279 PVT <br><br> **ORDER RE FAIRNESS OF SETTLEMENT OF PLAINTIFF ZHOU'S FLSA CLAIMS** |

      On October 10 & 27, 2006, the parties appeared before Magistrate Judge Patricia V. Trumbull for hearing on the motion to determine the fairness of the settlement of Plaintiff Yue Zhou's Fair Labor Standards Act ("FLSA") claims against Defendant.[1]  At the hearing, after the taking of testimony from Plaintiff Yue Zhou and one of the owners of Defendant Wang's Restaurant, Ching Shi Wang, the court first continued the remainder of the hearing to November 14, 2006, and then after determining that no further testimony was needed for the court to reach its decision, the court issued a tentative order and continued the hearing to December 12, 2006 for oral argument. The court also set a deadline of November 28, 2006 for any party to file a supplemental brief.  No supplemental briefs were filed, and none of the parties appeared for the December 12, 2006 hearing. Therefore, based on the proceedings herein to date and the file herein,

---

    [1]    The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

ORDER, *page 1*

IT IS HEREBY ORDERED that, for the reasons discussed herein, the court FINDS that the compromise of Plaintiff Zhou's overtime and liquidated damages claims under the Fair Labor Standards Act, as modified by the parties at the October 27, 2006 hearing to include mutual releases and as interpreted by the court herein to not preclude a statutory award of attorneys fees to Intervener Adam Wang, is a fair compromise of Fair Labor Standards Act claims as to which there are *bona fide* factual disputes. Based on this finding, the court will enter judgment of dismissal of Plaintiff Zhou's claims based on the settlement, and proceed to entertain the motion for attorneys fees by Plaintiff Zhou's former counsel, Intervener Adam Wang.

## I.  FAIR LABOR STANDARDS ACT

The Fair Labor Standards Act ("FLSA" or "Act") requires employers to pay their employees time and one-half for work exceeding forty hours per week. *See* 29 U.S.C. § 207(a)(1). The Act provides an exemption from overtime for persons "employed in a bona fide executive, administrative, or professional capacity." *See* 29 U.S.C. § 213(a)(1). An "employer who claims an exemption from the FLSA has the burden of showing that the exemption applies." *Donovan v. Nekton, Inc.*, 703 F.2d 1148, 1151 (9th Cir. 1983). Because the FLSA "is to be liberally construed to apply to the furthest reaches consistent with Congressional direction ... FLSA exemptions are to be narrowly construed against ... employers and are to be withheld except as to persons plainly and unmistakenly within their terms and spirit." *Klem v. County of Santa Clara*, 208 F.3d 1085, 1089 (9th Cir. 2000) (internal quotation marks and citations omitted).

An employee's claims under the FLSA is non-waivable,[2] and thus may not be settled without supervision of either the Secretary of Labor or a district court. *See Lynn's Food Stores, Inc. v.*

---

[2] One district court has opined that there is a "trend" away from finding FLSA claims non-waivable. *See Martinez v. Bohls Bearing Equipment Co.*, 361 F.Supp.2d 608 (W.D.Tex. 2005). However, in that case the court, rather than relying on FLSA cases, relied on cases decided under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 et seq. Moreover, it ignored the clear expression of congressional intent implicit in congress' decision to amend the ADEA to allow for the release of ADEA claims when certain strict requirements are met, without any change to the non-waivability of FLSA claims. *See* Older Workers Benefit Protection Act, 29 U.S.C. § 626(f). The legislative history makes it clear that congress was well aware that courts at that time considered FLSA claims to be non-wavable. *See* House Report No. 101-664. In light of this awareness, and congress' action on the ADEA, congress' failure to make any amendments that would change the non-waivability of FLSA claims (such as by removing the date restriction from 29 U.S.C. § 253) evinces a congressional intent that FLSA claims continue to be non-waivable.

*United States*, et al., 679 F. 2d 1350, 1352-53 (11th Cir. 1982); *see also* House Report No. 101-664.[3] The proper procedure for obtaining court approval of the settlement of FLSA claims is for the parties to present to the court a proposed settlement, upon which the district court may enter a stipulated judgment only after scrutinizing the settlement for fairness. *See Lynn's Food Stores, Inc.*, 679 F. 2d at 1353; *see also Schulte, Inc. v. Gangi*, 328 U.S. 108, 113 n.8 (1946); *Jarrard v. Southeastern Shipbuilding Corporation*, 163 F.2d 960, 961 (5th Cir. 1947); *and* House Report No. 101-664.

In reviewing the fairness of such a settlement, a court must determine whether the settlement is a fair and reasonable resolution of a *bona fide* dispute. *See, Lynn's Food Stores, Inc.*, 679 F. 2d at 1355. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] ... the district court [may] approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id*. at 1355.

Settlement of FLSA overtime claims cannot preclude an award of attorneys fees by the court. Because a court supervised settlement of FLSA overtime claims is ultimately reduced to a judgment,[4] under the FLSA an award of reasonable fees is mandatory. *See* 29 U.S.C. § 216(b) ("The court in such action *shall*, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action"); *see also Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994) (noting that under FLSA an award of reasonable fees is mandatory). Allowing parties to waive an award of fees would contravene Congress' intent that an FLSA claimant "should receive his full wages plus the penalty without incurring any expense for legal fees or costs." *See Maddrix v. Dize*, 153 F.2d 274, 275-76 (4th Cir. 1946). In any event, Plaintiff had no authority to waive *Intervener's* direct interest in an award of attorneys fees. *See*

---

[3] As used herein, "House Report No. 101-664" refers to House Report No. 101-664, P.l. 101-433, Older Workers Benefit Protection Act, H.R. Rep. 101-664, H.R. Rep. No. 664, 101st Cong., 2nd Sess. 1990, 1990 WL 200383 (1990). This report reflects congress' continued intent that FLSA claims may not be waived or compromised without supervision of either the Secretary of Labor or a district court.

[4] Rule 54(a) of the Federal Rules of Civil Procedure defines "Judgment" as "a decree and any order from which an appeal lies." Thus, even without a document officially entitled "Judgment," the FLSA's mandatory attorneys fees provision is triggered anytime a settlement of FLSA claims results in a final appealable order of the court.

*Maddrix v. Dize*, 153 F.2d at 276 (noting that FLSA endows a plaintiff's attorney with a direct interest in the claim for attorneys fees).

## II. THE SETTLEMENT WAS A FAIR COMPROMISE OF DISPUTED CLAIMS

The testimony[5] presented at the October 27, 2006 hearing was sufficient to establish that there is a genuine issue of material fact with regard to whether Plaintiff Zhou was exempt after his initial training period (Defendant conceded that Plaintiff Zhou was non-exempt and entitled to overtime during his initial training period). *See, e.g., McCullough v. Aramark Educational Services, Inc.*, 2004 WL 813005 (M.D.N.C. 2004) (denying summary judgment because question of whether plaintiff sous chef was exempt constituted a triable issue of fact). Because of the *bona fide* dispute over factual issues, the FLSA's non-waiver provision does not preclude the compromise of Plaintiff Zhou's claims. And based on the documentation and testimony in the record, the amount of the settlement is clearly a fair compromise.

At the hearing, the parties stipulated that for the initial period of Zhou's employment, while he was still in training ("Period No. 1"), Defendant paid Zhou $2,400 per month.[6] Assuming Zhou would have prevailed on his claim that he was not given meal breaks, he worked 58 hours per week.[7] Under 29 C.F.R. section 778.113, Zhou's regular hourly rate is determined by multiplying his monthly salary by 12 months, dividing by 52 weeks, and then dividing by 58 hours. $2,400 x 12 months = $28,800 ÷ 52 weeks = $553.85 ÷ 58 hours = $9.55 per hour.

Zhou worked 270 hours[8] of overtime during Period No. 1. Zhou was already paid straight

---

[5] Hearings on the fairness of FLSA settlements normally should not need to be evidentiary hearings. However, given the unusual circumstances of this case, and the accusations of coercion and threats made against some of the parties and attorneys involved, the court determined that an evidentiary hearing was warranted to allow Intervener to develop the record without subjecting the Plaintiffs to out-of-court depositions.

[6] This was the net amount paid, not the gross. Because the withholdings would be roughly proportional to the net amounts, and because the court need not determine the exact amount Plaintiff Zhou might have recovered at trial, for purposes of this motion the court will use the net amounts to illustrate the general scope of the parties' dispute.

[7] The court makes no finding in this regard, but merely uses Plaintiff's claimed hours to show the general scope of the parties' dispute.

[8] This figure is the result of multiplying 15 full weeks (from Monday, August 18, 2003 through Sunday, November 30, 2003) by 18 hours of overtime per week.

time for the hours he worked in excess of 40 each week, but he was still owed half time pay for the 270 hours of overtime. Thus, Zhou's claim for Period No. 1 could have been as much as $1,289.25 in unpaid overtime, plus an equal amount for liquidated damages, for a total of $2,578.50.

During the remainder of Zhou's employment ("Period No. 2"), Defendant paid Zhou $2,700 per month. Under 29 C.F.R. section 778.113, Zhou's regular hourly rate for Period No. 2 was $10.74.[9] Zhou worked 666 hours[10] of overtime during Period No. 2. Thus, Zhou had a claim for the additional half time pay on 666 hours of overtime, for up to $3,576.42, plus liquidated damages in an equal amount, for a total of up to $7,152.84 for Period No. 2.

Adding the claims for Period No. 1 and Period No. 2 together, Plaintiff Zhou had viable FLSA overtime and liquidated damages claims for up to $9,731.34 (plus the corresponding amounts of state and federal taxes). The settlement agreement calls Defendant to pay Zhou $7,000.00.[11] Under all of the circumstances of this case, $7,000.00 represents a fair compromise of Plaintiff Zhou's overtime and liquidated damages claims.

### III. CONCLUSION

For the reasons discussed herein, the court finds that the settlement between Plaintiff Zhou and Defendant was a fair compromise of Plaintiff Zhou's disputed claims for overtime pay and liquidated damages under the FLSA.

Dated: *1/17/07*

*Patricia V. Trumbull*
PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[9]  $2,700 x 12 months = $32,400 ÷ 52 weeks = $623.08 ÷ 58 hours = $10.74 per hour.

[10]  This figure is the result of multiplying 37 full weeks (from Monday, December 1, 2003 through Sunday, August 15, 2004) by 18 hours of overtime per week.

[11]  Defendant represents to the court that it already paid Zhou the $7,000.00. Intervener Adam Wang questions whether the payment was actually made. The court finds this issue immaterial to the present proceedings. As discussed above, the settlement will be reduced to a judgment in which the court retains jurisdiction to enforce the settlement. If in fact Plaintiff Zhou has not yet received the full consideration due under the settlement agreement, he will have the ability to enforce the obligation in a motion to enforce settlement.