UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| YUE ZHOU, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>WANG'S RESTAURANT,<br><br>　　　　Defendant. | Case No.: C 05-0279 PVT<br><br>**ORDER RE INTERVENER'S MOTION FOR ATTORNEYS FEES AND COSTS** |

On March 6, 2007, Defendant and Intervener Adam Wang appeared for hearing on Intervener's motion for attorneys fees and costs. Based on the briefs and arguments submitted, and the file herein,

IT IS HEREBY ORDERED that Intervener's motion for attorneys fees is GRANTED IN PART as discussed herein.

**I.    FAIR LABOR STANDARDS ACT**

The Fair Labor Standards Act ("FLSA" or "Act") requires employers to pay their employees time and one-half for work exceeding forty hours per week. *See* 29 U.S.C. § 207(a)(1). The Act provides an exemption from overtime for persons "employed in a bona fide executive, administrative, or professional capacity." *See* 29 U.S.C. § 213(a)(1). An "employer who claims an exemption from the FLSA has the burden of showing that the exemption applies." *Donovan v.*

*Nekton, Inc.*, 703 F.2d 1148, 1151 (9th Cir. 1983).  Because the FLSA "is to be liberally construed to apply to the furthest reaches consistent with Congressional direction ... FLSA exemptions are to be narrowly construed against ... employers and are to be withheld except as to persons plainly and unmistakenly within their terms and spirit." *Klem v. County of Santa Clara*, 208 F.3d 1085, 1089 (9th Cir. 2000) (internal quotation marks and citations omitted).

An employee's claims under the FLSA is non-waivable,[1] and thus may not be settled without supervision of either the Secretary of Labor or a district court.  *See, e.g., Barrentine v. Ark.-Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981); *See also, Lynn's Food Stores, Inc. v. United States*, et al., 679 F. 2d 1350, 1352-53 (11th Cir. 1982); *see also* House Report No. 101-664.[2]  The proper procedure for obtaining court approval of the settlement of FLSA claims is for the parties to present to the court a proposed settlement, upon which the district court may enter a stipulated judgment only after scrutinizing the settlement for fairness.  *See Lynn's Food Stores, Inc.*, 679 F. 2d at 1353; *see also Schulte, Inc. v. Gangi*, 328 U.S. 108, 113 n.8 (1946); *Jarrard v. Southeastern Shipbuilding Corporation*, 163 F.2d 960, 961 (5th Cir. 1947); *and* House Report No. 101-664.

In reviewing the fairness of such a settlement, a court must determine whether the settlement is a fair and reasonable resolution of a *bona fide* dispute.  *See, Lynn's Food Stores, Inc.*, 679 F. 2d at 1355.  "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] ... the district

---

[1] One district court has opined that there is a "trend" away from finding FLSA claims non-waivable.  *See Martinez v. Bohls Bearing Equipment Co.*, 361 F.Supp.2d 608 (W.D.Tex. 2005).  However, in that case the court, rather than relying on FLSA cases, relied on cases decided under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 et seq.  Moreover, it ignored the clear expression of congressional intent implicit in congress' decision to amend the ADEA to allow for the release of ADEA claims when certain strict requirements are met, without any change to the non-waivability of FLSA claims.  *See* Older Workers Benefit Protection Act, 29 U.S.C. § 626(f).  The legislative history makes it clear that congress was well aware that courts at that time considered FLSA claims to be non-wavable.  *See* House Report No. 101-664.  In light of this awareness, and congress' action on the ADEA, congress' failure to make any amendments that would change the non-waivability of FLSA claims (such as by removing the date restriction from 29 U.S.C. § 253) evinces a congressional intent that FLSA claims continue to be non-waivable.

[2] As used herein, "House Report No. 101-664" refers to House Report No. 101-664, P.l. 101-433, Older Workers Benefit Protection Act, H.R. Rep. 101-664, H.R. Rep. No. 664, 101st Cong., 2nd Sess. 1990, 1990 WL 200383 (1990).  This report reflects congress' continued intent that FLSA claims may not be waived or compromised without supervision of either the Secretary of Labor or a district court.

court [may] approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id*. at 1355.

Settlement of FLSA overtime claims cannot preclude an award of attorneys fees by the court. Because a court supervised settlement of FLSA overtime claims is ultimately reduced to a judgment,[3] under the FLSA an award of reasonable fees is mandatory. *See* 29 U.S.C. § 216(b) ("The court in such action *shall*, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action"); *see also Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994) (noting that under FLSA an award of reasonable fees is mandatory). Allowing parties to waive an award of fees would contravene Congress' intent that an FLSA claimant "should receive his full wages plus the penalty without incurring any expense for legal fees or costs." *See Maddrix v. Dize*, 153 F.2d 274, 275-76 (4th Cir. 1946). In any event, a FLSA plaintiff has no authority to waive his attorney's direct interest in an award of attorneys fees. *See Maddrix v. Dize*, 153 F.2d at 276 (noting that FLSA endows a plaintiff's attorney with a direct interest in the claim for attorneys fees).

**II.    DISCUSSION**

In the present case, the court has entered summary judgment in favor of Plaintiff Kuo, and has approved Plaintiff Zhou's settlement of his FLSA overtime claims against Defendant for $7,000.00. Under 29 U.S.C. Section 216(b) an award of reasonable attorney's fees is mandatory.

The court has carefully reviewed Intervener's documentation regarding the attorneys fees and costs requested, as well as Defendant's opposition arguments. Many of the hours spent were not necessary for the prosecution of this action, and thus the court is not including those hours in the fee award. In addition, although Intervener appears to have many years of experience filing and settling FLSA actions, he appears to have little experience conducting discovery and handling motions. Thus, the court is applying a reduced hourly rate of $210 for the portion of work with which Intervener seemed to have little experience. Also, for work that could have been done by a paralegal,

---

[3] Rule 54(a) of the Federal Rules of Civil Procedure defines "Judgment" as "a decree and any order from which an appeal lies." Thus, even without a document officially entitled "Judgment," the FLSA's mandatory attorneys fees provision is triggered anytime a settlement of FLSA claims results in a final appealable order of the court.

the court is applying a reduced hourly rate of $125.  The court is not awarding any fees incurred for work by Mr. Dal Bon because he was never retained by either plaintiff.  With respect to work Intervener did solely for Zhou, the court is awarding fees for half of the time reasonably devoted to the work in order to reflect the fact that the result was a compromise of a *bona fide* dispute.  With respect to work Intervener did solely for Kuo, the court is awarding fees for all of the time reasonably devoted to the work because there was no settlement of a *bona fide* dispute.  With respect to work that benefitted *both* Plaintiffs, the court is awarding fees for 75% of the time reasonably devoted to the work.

Finally, the court is not awarding fees for the work Intervener did to obtain this award of fees.  While normally such fees are available, the unique circumstances of this case make such an award inappropriate.  The purpose of including an award of fees for the time spent obtaining an award of fees is to ensure that the FLSA plaintiff does not have his award of overtime pay diminished by any fees he owes his attorney.  Here, Plaintiffs both discharged Intervener before he performed work on the attorney's fees motion.  Thus, there are no fees owed by Plaintiffs to Intervener for that work.

Based on the foregoing, the court awards fees of $19,116.65, summarized as follows:

**For 9/21/04 through 10/17/05**:

| | Attorney rate | Paralegal rate | |
|---|---|---|---|
| Solely for Zhou: | 8.45 x .5 = 4.23 x 250 = | | $ 1,057.50 |
| | | 9.4 x .5 = 4.7 x 125 = | $   587.50 |
| Solely for Kuo: | 3.0 x 250 = | | $   750.00 |
| | | 1.5 x 125 = | $   187.50 |
| For both: | 26.45 x .75 = 19.84 x 250 = | | $ 4,960.00 |

**For 10/17/05 through 2/17/06** (using reduced attorney rate of $210)

| | | |
|---|---|---|
| For both: | 52.85 x .75 = 39.64 x 210 = | $ 8,324.40 |
| Solely for Zhou: | 30.95 x .5 = 15.475 x 210 = | $ 3,249.75 |
| | Total = | $19,116.65 |

### III.   COSTS

In addition to attorney's fees, FLSA mandates an award of costs.  The costs claimed by Intervener all appear reasonable, except for the costs attributed to "ethical consultations."  Thus, the court awards $5,110.83 in costs to Intervener.

**IV. CONCLUSION**

For all of the reasons discussed herein, the court awards to Intervener attorney's fees in the amount of $19,116.65 and costs in the amount of $5,110.83 for a total of $24,227.48.

Dated: *8/8/07*

*Patricia V. Trumbull*
PATRICIA V. TRUMBULL
United States Magistrate Judge